STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-0557


JOHN F. JOHNSON

VERSUS

AMANDA B. HOWARD, ET AL.


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 21,667
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ned E. Doucet Jr., Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

Neal G. Johnson
Attorney at Law
115 Beech Drive
Lafayette, LA 70507
(337) 237-3831
Counsel for Plaintiff/Respondent:
        John F. Johnson

Daniel G. Brenner
Bolen, Parker & Brenner, Ltd.
P. O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
Counsel for Defendant/Respondent:
        Coregis Insurance Company

**Brandon A. Sues**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Applicant:**
    **Concordia Parish Police Jury**

**DECUIR, Judge.**

The Concordia Parish Police Jury seeks supervisory writs from a judgment of the Seventh Judicial District Court denying its motion for partial summary judgment and/or, alternatively, exceptions of no right of action and/or no cause of action. We granted the writ for the purpose of calling the case up for full briefing, argument, and an opinion.

## FACTS

On December 15, 1999, John Johnson's vehicle was rear-ended by a vehicle operated by Amanda Howard. Johnson was driving a 1997 Ford Expedition owned by the Parish of Concordia, and provided to him in his capacity as District Attorney for the Seventh Judicial District. Johnson sustained extensive back injuries as a result of the accident.

The Howard vehicle was insured by State Farm under a policy with limits of $25,000.00 per person. Johnson's vehicle was insured under a policy issued by Coregis Insurance Company to Louisiana Rural Parish Insurance Cooperative. Concordia was an insured under the policy. The Coregis policy provided liability and UM coverage with limits of $1,000,000.00. Under the terms of the policy, the insured had a self-insured retention of $100,000.00 on both the liability and UM coverage.

Johnson files suit against Howard, State Farm, and Coregis. Concordia was added after Coregis invoked the self-insured retention provision of the policy. Johnson settled with Howard and State Farm for the policy limits. Concordia filed a motion for partial summary judgment and/or, alternatively, exceptions of no right of action and/or no cause of action. The trial court denied the motion and Concordia filed this writ application.

**DISCUSSION**

Concordia argues that the trial court erred in denying its motion. Specifically, Concordia argues that as a self-insured political subdivision, it is not required to provide UM coverage and calls our attention to *Tybussek v. Wong*, 96-1981 (La.App. 4 Cir. 2/26/97), 690 So.2d 225, *writ denied*, 97-766 (La. 5/1/97), 693 So.2d 731, *writ denied*, 97-795 (La. 5/1/97), 693 So.2d 734, and *Hebert v. Williams*, 526 So.2d 835 (La.App. 3 Cir.), *writ denied*, 532 So.2d 150 (La.1988).

In *Tybussek*, the court said:

> Under Louisiana law, self-insurers have no obligation to provide UM coverage because self insurance is not considered an insurance policy and UM coverage is only required if an insurance policy is purchased.
>
> . . . .
>
> Here, the policy issued by Carolina Casualty to the Board clearly states that the Board is self-insured for the first $100,000. Accordingly, as a self-insured, the Board is not required to provide UM coverage within the self-insured retention limit.

*Tybussek*, 690 So.2d at 230.

Likewise, in *Hebert*, we said, citing *Jordan v. Honea*, 407 So.2d 503 (La.App. 1 Cir. 1981), *writ denied*, 409 So.2d 654 (La.1982): "The court held that a certified self-insured does not afford uninsured motorist coverage." *Hebert*, 526 So.2d at 838.

Johnson does not seriously dispute the holdings in these cases. Instead he argues in opposition to the writ application that nothing prohibits a self-insured from providing UM coverage even though it is not mandated. Specifically, he contends that prior to 1997 the Coregis policy contained no self-insured retention for UM coverage and that by amending its policy to provide for a self-insured retention, Concordia elected to provide UM coverage. This argument is not persuasive.

The amendment to the Coregis policy provides:

We will pay all sums the "Insured" is legally entitled to recover as compensatory damages from the owner or driver of an "Uninsured Motor Vehicle" in excess of the Insured's Self-Insured Retention.

A parallel amendment makes these limits applicable to underinsured coverage as well.

Johnson directs us to no particular portion of the amendment, and we find nothing in the language that indicates Concordia was electing to provide UM coverage within its self-insured retention. The amendment was clearly intended to make UM coverage consistent with the remainder of the policy. Thus, Coregis is relieved of coverage for up to the $100,000.00 self-insured retention, while remaining liable for damages in excess of the self-insured retention up to the policy limits.

Johnson also argues that *Tybussek* is distinguishable because the plaintiff there was an employee covered by workers' compensation law whereas he is a public official and, therefore, not covered by workers' compensation law. He contends the basis of the *Tybussek* ruling was based solely on the exclusivity of workers' compensation law. We disagree with that assessment.

In *Tybussek* the court said:

To require Carolina Casualty to pay UM damages under $100,000 would impose a liability that Carolina Casualty did not contractually agree to. Additionally, *if Carolina Casualty were required to pay, subject to indemnification from the Board, the Board in effect would become the UM insurer of its automobiles, contrary to Louisiana law.* Moreover, Plaintiffs would be allowed to do indirectly what they could not do directly--recover damages from the Board in excess of workers' compensation benefits.

(Emphasis added.) *Tybussek*, 690 So.2d at 231.

Clearly, the court included the issue of UM coverage within the self-insured retention as a part of the basis for its decision. In any event, we find in this case that Concordia was not required to provide UM coverage within its self-insured retention and did not elect to do so by amendment to its policy. Accordingly, the trial court erred in denying Concordia's motion.

**DECREE**

For the foregoing reasons, we grant the writ, render summary judgment in favor of the Concordia Parish Police Jury, and dismiss Johnson's claims against the Concordia Parish Police Jury. All costs of these proceedings are taxed to John Johnson.

**WRIT GRANTED AND MADE PEREMPTORY.**

4